ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  5:14CR301 |
| Plaintiff, | ) | 5:14CR31 |
| | ) | |
| v. | ) | |
| | ) | Judge John R. Adams |
| BRIAN PINKNEY, | ) | |
| | ) | ORDER |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Defendant Brian Pinkney's *pro se* motion for compassionate release and his several supplemental motions for release (Docs. 691 and 695 in Case No. 5:14CR301, and Docs. 11, 12, and 18 in Case No. 5:14CR31). Upon review, the motions are DENIED.

Within the COVID-19 backdrop, the Sixth Circuit has recently explained this Court's duties and obligations when considering a motion for compassionate release.

> Sections 3582(c)(1)'s and (c)(2)'s parallel language and structure compel us to conclude that compassionate release hearings are sentence-modification proceedings and that courts considering motions filed under § 3582(c)(1) must follow a *Dillon*-style test. The three-step § 3582(c)(1)(A) test is as follows. At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. 18 U.S.C. § 3582(c)(1)(A)(i). At step two, a court must "find[ ]" whether "such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A) (emphasis added). The Commission's policy statement on compassionate release resides in U.S.S.G. §

1B1.13. *See* U.S.S.G. § 1B1.13 (U.S. Sent'g Comm'n 2018). Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[ (1)(A) ] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020)(citations and footnotes omitted). However, "[i]n cases where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13." *Id.* at 1111.[1]

I. § 3553(a) Factors

a. Standard

As noted above, this Court may "not modify a term of imprisonment once it has been imposed" unless specifically authorized to do so by section 3582(c). This Court may grant compassionate release if, after considering the factors in 18 U.S.C. § 3553(a), it determines that "extraordinary and compelling reasons" warrant a reduced sentence and that "such a reduction is consistent with applicable policy statements issued by the sentencing commission." 18 U.S.C. § 3582(c)(1)(A)(i). For ease of reference, the § 3553 factors are as follows:

> (a) Factors to be considered in imposing a sentence.--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
>
> (1) the nature and circumstances of the offense and the history and characteristics

---

[1] It is highly unlikely that Pinkney has demonstrated the extraordinary and compelling circumstances necessary to satisfy step two. Pinkney's hypertension alone hardly suggests that he is more at risk than the average inmate. Out of an abundance of caution, however, the Court will still review the § 3553(a) factors.

2

of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

18 U.S.C.A. § 3553.

The Sixth Circuit has noted that "District judges maintain an obligation to provide reasons" when resolving motions for compassionate release. *Jones*, 980 F.3d at 1112.

> We start by requiring a thorough factual record for our review: district courts must supply specific factual reasons, including but not limited to due consideration of the § 3553(a) factors, for its compassionate release decision. We look at the whole record in sentence-modification proceedings, including the records from the original sentencing, records on the modification motion, and the final compassionate release decision.

*Id.* (citations, quotations, and alterations omitted).

b. Analysis

Pinkney's motion does not evaluate the § 3553(a) factors other than to suggest that the existence of Covid within his prison is sufficient to justify granting him compassionate release.

A review of *all* of the factors, however, supports denial of his motion.

In his 5:14CR301 case, Pinkney was convicted for his involvement in a drug conspiracy. "The amount of drugs possessed and distributed by the defendant during the course of the conspiracy and/or directly attributable to his actions and reasonably foreseeable within the conspiracy was approximately 3.5 kilograms of cocaine. The defendant knew that the substance he possessed and distributed was actually cocaine." Doc. 400 at 9.

Pinkney's conviction was another in a long history of criminal conduct. Pinkney had seven separate juvenile infractions before he reached the age of 18. At 18, he was convicted of burglary and sentenced to one year in prison. At 22, Pinkney was convicted of possession with intent to distribute cocaine. Based upon the more than 15 kilograms of cocaine that was recovered, Pinkney was sentenced to 121 months incarceration.

Pinkney began his term of supervised release following that sentence on January 24, 2013. Within a year of his release, Pinkney had joined the drug conspiracy that led to his conviction in this matter. As such, since roughly the age of 15, Pinkney has had continuous involvement in the criminal arena. After serving nearly a decade in prison for cocaine distribution, Pinkney was not deterred and returned to the drug trade. Moreover, Pinkney returned to this criminal conduct while still under federal supervision. As a result, this Court sentenced Pinkney to an aggregate sentence of 180 months for his conviction and supervised release violation.

Pinkney still has roughly 82 months of his sentence left to serve. Based upon his inability to refrain from drug trafficking while not incarcerated, the Court finds that Pinkney needs to serve

his full sentence to deter future misconduct.[2]  Accordingly, Pinkney's motion for compassionate release is not well taken.

Based upon a review of the totality of the factors listed in § 3553(a), the Court hereby DENIES Pinkney's motion for compassionate release along with both his supplements.

IT IS SO ORDERED.

<u>January 27, 2021</u>  /s/John R. Adams
Date   JOHN R. ADAMS
   UNITED STATES DISTRICT JUDGE

---

2  To date, Pinkney has served less time than he did for his prior drug trafficking conviction and that sentence failed to deter him.

5